**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ADAM MCELROY, and MEGAN | § | |
| MCELROY, | § | |
|     *Plaintiffs,* | § | |
| | § | CIVIL ACTION NO. |
|     *vs.* | § | |
| | § | Jury Trial Demanded |
| NATIONAL CREDIT AUDIT | § | |
| CORPORATION, and JAMES M. PECK, | § | |
| Individually, | § | |
|     *Defendants.* | § | |

## ORIGINAL COMPLAINT

## NATURE OF ACTION

1.    This is an action for damages brought by Plaintiffs, Adam McElroy and Megan McElroy, for Defendants' violations the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code §§ 17.01, *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.    Plaintiffs seek to recover monetary damages for Defendants' violations of the FDCPA, the TDCPA, DTPA, and TCPA and to have an Order or injunction issued by this Court preventing Defendants from persisting in their violative behaviors.

3.    Service may be made upon Defendants in any other district in which they may be found pursuant to 29 U.S.C. § 1132(e)(2).

## JURISDICTION AND VENUE

4.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and 47 U.S.C. § 227.

5.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and/or where Defendants transact business in this district.

## PARTIES

6.      Plaintiffs, Adam McElroy ("Mr. McElroy") and Megan McElroy ("Mrs. McElroy") (collectively, "Plaintiffs"), are natural persons residing in the State of Texas, County of Johnson, and City of Johnson.

7.      Plaintiffs are consumers as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the TEX. BUS. & COM. CODE § 17.45(4) and TEX. FIN. CODE § 392.001(1).

8.      Defendant, National Credit Audit Corporation ("NCAC"), is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by TEX. FIN. CODE § 392.001(2).

9.      NCAC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(6).

10.      Defendant, James M. Peck ("Peck") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

11.      Peck is the President of MCAC.

12.      Upon information and good-faith belief, Peck—as the president of NCAC— manages the business and affairs of NCAC's debt collection business.

13.      Upon information and good-faith belief, Peck—as the president of NCAC—is involved in the day-to-day operations of NCAC's debt collection business.

14.     Upon information and good-faith belief, Peck—as the president of NCAC—exercises control over the affairs of NCAC's debt collection business.

15.     Peck is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(6).

## FACTUAL ALLEGATIONS

16.     Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

17.     Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

18.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

19.     Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

20.     Within one (1) year preceding the date of this Complaint, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiffs' cellular telephone number(s), in effort to collect from Plaintiffs an obligation,

or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

21.     At no point did Plaintiffs give National Credit Audit Corporation express consent to place calls to their cellular telephone using an automated dialing system.

22.     At no point did Plaintiffs give the original creditor express consent to place calls to their cellular telephone using an automated dialing system.

23.     In connection with the collection of Plaintiffs' alleged debt in default (the "Debt"), NCAC placed calls to Mrs. McElroy's cellular telephone on May 10, 2012 at 7:07 P.M. and May 23, 2012 at 7:18 P.M., and at such times, left the following pre-recorded voicemail message:

> "This is National Credit Audit Corporation calling.  This is not a sales or solicitation call, but a message regarding an urgent personal business matter being handled by our office.  NCAC is a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Please visit us at payncac.com to access your account information or call 1-800-779-4894 between the hours of 8:00 A.M. and 5:00 P.M. Central Standard Time Monday through Friday."

24.     In its May 10, 2012 and May 23, 2012 voicemail messages, NCAC conveyed a false sense of urgency for the purpose of compelling Plaintiffs to communicate with a debt collector.

25.     In connection with collection of the Debt, NCAC placed calls to Mrs. Elroy's cellular telephone on the following dates and times:

- May 11, 2012 at 7:13 P.M.;
- May 14, 2012 at 7:03 P.M.;
- May 15, 2012 at 7:30 P.M.;
- May 17, 2012 at 7:26 P.M.;
- May 21, 2012 at 7:33 P.M.;
- May 24, 2012 at 7:10 P.M.;

- May 29, 2012 at 7:15 P.M.;
- May 31, 2012 at 7:20 P.M.;
- June 5, 2012 at 7:23 P.M.;
- June 7, 2012 at 7:25 P.M.;
- June 11, 2012 at 7:12 P.M.;
- June 14, 2012 at 7:20 P.M.;
- June 19, 2012 at 7:32 P.M.,

26.     At such times, left the following pre-recorded voicemail message:

"Collect a debt any information obtained will be used for that purpose. Please visit us at payncac.com to access your account information or call 1-800-779-4894 between the hours of 8:00 A.M. and 5:00 P.M. Central Standard Time Monday through Friday."

27.     In the above-mentioned voicemail messages, NCAC failed to disclose its true corporate or business name in a telephone call to Plaintiffs.

28.     In failing to disclose its true corporate or business name, in the above-mentioned voicemail message, NCAC failed to meaningfully disclose its identity to Plaintiffs.

29.     By attempting to collect a debt from Plaintiffs, residents of the State of Texas, NCAC represented and/or implied that it was licensed to collect debts in the State of Texas.

30.     Upon information and good-faith belief, NCAC is not licensed to collect debts in the State of Texas.

31.     Defendants used unfair or unconscionable means against Plaintiffs in connection with an attempt to collect the Debt, including, but not limited to: attempting to collect a debt in the State of Texas without first obtaining a debt collection license.

32.     Upon information and good-faith belief, Defendants voluntarily placed each and every telephone call to Plaintiffs identified above.

33.     Upon information and good-faith belief, Defendants placed the telephone calls to Plaintiff identified above under its own free will.

34.     Upon information and good-faith belief, Defendants had actual knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

35.     Upon information and good-faith belief, Defendants intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

36.     Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiffs' cellular telephone number.

37.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

38.     As a result of the above violations of the FDCPA, Plaintiffs suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692d(6)
### DEFENDANT NCAC

39.     Plaintiffs repeat and re-allege each and every allegation contained above.

40.     NCAC violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that NCAC violated 15 U.S.C. § 1692d(6);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF § 15 U.S.C. § 1692d(6)**
**DEFENDANT PECK**

41.     Plaintiffs repeat and re-allege each and every allegation contained above.

42.     NCAC violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

43.     Peck is personally liable for NCAC's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of NCAC's debt collection business, his responsibility for day-to-day supervision of NCAC's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of NCAC's debt collection business.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Peck violated 15 U.S.C. § 1692d(6);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(5)
## DEFENDANT NCAC

44.      Plaintiffs repeat and re-allege each and every allegation contained above.

45.      NCAC violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiffs that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that NCAC violated 15 U.S.C. § 1692e(5);

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(5)
## DEFENDANT PECK

46.      Plaintiffs repeat and re-allege each and every allegation contained above.

47.      NCAC violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiffs that cannot be legally taken or that was not actually intended to be taken.

48.     Peck is personally liable for NCAC's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of NCAC's debt collection business, his responsibility for day-to-day supervision of NCAC's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of NCAC's debt collection business.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Peck violated 15 U.S.C. § 1692e(5);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**DEFENDANT NCAC**

49.     Plaintiffs repeat and re-allege each and every allegation contained above.

50.     NCAC violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of the Debt from Plaintiffs, including, but not limited to: conveying a false sense of urgency for the purpose of compelling Plaintiffs to communicate with a debt collector; and misrepresenting that Defendant is licensed to collect a debt in the State of Texas, when Defendant is not.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that NCAC violated 15 U.S.C. § 1692e(10);

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(10)
## DEFENDANT PECK

51.    Plaintiffs repeat and re-allege each and every allegation contained above.

52.    NCAC violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of the Debt from Plaintiffs, including, but not limited to: conveying a false sense of urgency for the purpose of compelling Plaintiffs to communicate with a debt collector; and misrepresenting that Defendant is licensed to collect a debt in the State of Texas, when Defendant is not.

53.    Peck is personally liable for NCAC's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of NCAC's debt collection business, his responsibility for day-to-day supervision of NCAC's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of NCAC's debt collection business.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Peck violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692f
## DEFENDANT NCAC

54.    Plaintiffs repeat and re-allege each and every allegation contained above.

55.    NCAC violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiffs in connection with an attempt to collect the Debt, including, but not limited to: attempting to collect a debt in Texas without first obtaining a debt collection license.

56.    The Texas Statutes on Protection of Consumers of Financial Services place specific requirements on debt collectors.

57.    Licensed debt collectors are required to obtain a surety bond in the amount of $10,000.00 issued by a surety company authorized to do business in Texas. (TEX. FIN. CODE § 392.101).

58.    Licensed debt collectors are required to maintain a written record of consumer disputes. (TEX. FIN. CODE § 392.202(a)).

59.     Licensed debt collectors are required to, not later than 30 days after notice of inaccuracy from the consumer, send a written statement to the consumer: 1) denying the inaccuracy, 2) admitting the inaccuracy, or 3) stating it has not had sufficient time to complete its investigation. (TEX. FIN. CODE § 392.202(b)).

60.     By not being licensed by the State of Texas, Plaintiffs are deprived of their rights as Texas consumers to have Defendant's qualifications as a collection agency reviewed by state authorities. *Gaetano v. Payco of Wisconsin, Inc.*, 774 F.Supp. 1404, 1414 n. 8 (D.Conn.1990).

61.     By collecting debt within Texas as an unlicensed collector, Plaintiffs suffer harm because Defendant need not abide by the Texas statutory requirements.

62.     By not obtaining a Texas license, Defendant is free to maintain inaccurate records of disputes, fail to respond to consumer complaints, and use other extralegal means to collect the Debt from Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that NCAC violated 15 U.S.C. § 1692f;

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692f
## DEFENDANT PECK

63.     Plaintiffs repeat and re-allege each and every allegation contained above.

64.     NCAC violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiffs in connection with an attempt to collect the Debt, including, but not limited to: attempting to collect a debt in Texas without first obtaining a debt collection license.

65.     The Texas Statutes on Protection of Consumers of Financial Services place specific requirements on debt collectors.

66.     Licensed debt collectors are required to obtain a surety bond in the amount of $10,000.00 issued by a surety company authorized to do business in Texas. (TEX. FIN. CODE § 392.101).

67.     Licensed debt collectors are required to maintain a written record of consumer disputes. (TEX. FIN. CODE § 392.202(a)).

68.     Licensed debt collectors are required to, not later than 30 days after notice of inaccuracy from the consumer, send a written statement to the consumer: 1) denying the inaccuracy, 2) admitting the inaccuracy, or 3) stating it has not had sufficient time to complete its investigation. (TEX. FIN. CODE § 392.202(b)).

69.     By not being licensed by the State of Texas, Plaintiffs are deprived of their rights as Texas consumers to have Defendant's qualifications as a collection agency reviewed by state authorities. *Gaetano v. Payco of Wisconsin, Inc.*, 774 F.Supp. 1404, 1414 n. 8 (D.Conn.1990).

70.     By collecting debt within Texas as an unlicensed collector, Plaintiffs suffer harm because Defendant need not abide by the Texas statutory requirements.

71.     By not obtaining a Texas license, Defendant is free to maintain inaccurate records of disputes, fail to respond to consumer complaints, and use other extralegal means to collect the Debt from Plaintiffs.

72.     Peck is personally liable for NCAC's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of NCAC's debt collection business, his responsibility for day-to-day supervision of NCAC's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of NCAC's debt collection business.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Peck violated 15 U.S.C. § 1692f;

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT IX**
**VIOLATION OF TEX FIN CODE § 392.304(a)(19)**
**DEFENDANT NCAC**

73.     Plaintiffs repeat and re-allege each and every allegation above.

74.     NCAC violated TEX FIN CODE § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning a consumer.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a)   Adjudging that NCAC violated TEX FIN CODE § 392.304(a)(19);

    b)   Awarding Plaintiffs statutory damages pursuant to the TDCA;

    c)   Awarding Plaintiffs actual damages pursuant to the TDCA;

    d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f)   Awarding such other and further relief as the Court may deem just and proper.

### COUNT X
### VIOLATION OF TEX FIN CODE § 392.304(a)(19)
### DEFENDANT PECK

75.    Plaintiffs repeat and re-allege each and every allegation above.

76.    NCAC violated TEX FIN CODE § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning a consumer.

77.    Peck is personally liable for NCAC's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of NCAC's debt collection business, his responsibility for day-to-day supervision of NCAC's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of NCAC's debt collection business.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a)   Adjudging that Peck violated TEX FIN CODE § 392.304(a)(19);

    b)   Awarding Plaintiffs statutory damages pursuant to the TDCA;

    c)   Awarding Plaintiffs actual damages pursuant to the TDCA;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## VIOLATION OF DTPA
## DEFENDANT NCAC

78.     Plaintiffs repeat and re-allege each and every allegation by reference herein all prior paragraphs above.

79.     A violation of the TDCA is a deceptive trade practice under the DTPA, and is actionable under the DTPA.  TEX. FIN. CODE. § 392.404(a)

80.     NCAC violated TEX. BUS. & COM. CODE § 17.50(h).

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that NCAC violated the DTPA, TEX. BUS. & COM. CODE, Chapter 17, Subchapter E.

b) Awarding Plaintiffs actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h);

c) Awarding Plaintiffs three times actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h).

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## VIOLATION OF DTPA
## DEFENDANT PECK

81.     Plaintiffs repeat and re-allege each and every allegation by reference herein all prior paragraphs above.

82.     A violation of the TDCA is a deceptive trade practice under the DTPA, and is actionable under the DTPA.  TEX. FIN. CODE. § 392.404(a)

83.     NCAC violated TEX. BUS. & COM. CODE § 17.50(h).

84.     Peck is personally liable for NCAC's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of NCAC's debt collection business, his responsibility for day-to-day supervision of NCAC's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of NCAC's debt collection business.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Peck violated the DTPA, TEX. BUS. & COM. CODE, Chapter 17, Subchapter E.

b)  Awarding Plaintiffs actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h);

c)  Awarding Plaintiffs three times actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h).

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT XIII**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**
**DEFENDANT NCAC**

85.     Plaintiffs repeat and re-allege each and every allegation by reference herein all prior paragraphs above.

86.     NCAC violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that NCAC violated  47 U.S.C. § 227(b)(1)(A)(iii);

b)   Enjoining NCAC from placing any further telephone calls to Plaintiffs in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c)   Awarding Plaintiffs statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d)   Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)   Awarding Plaintiffs treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

g)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

h)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT XIV**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**
**DEFENDANT PECK**

87.     Plaintiffs repeat and re-allege each and every allegation by reference herein all prior paragraphs above.

88.     NCAC violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

89.     Peck is personally liable for NCAC's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of NCAC's debt collection business, his responsibility for day-to-day supervision of NCAC's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of NCAC's debt collection business.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Peck violated  47 U.S.C. § 227(b)(1)(A)(iii);

b)  Enjoining Peck from placing any further telephone calls to Plaintiffs in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c)  Awarding Plaintiffs statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d)  Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)  Awarding Plaintiffs treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XV
### VIOLATION OF TEX. BUS. & COM. CODE § 305.053
### DEFENDANT NCAC

90.    Plaintiffs repeat and re-allege each and every allegation above.

91.    Plaintiffs received communications originated by Defendants that violated 47 U.S.C. § 227.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that NCAC violated TEX. BUS. & COM. CODE § 305.053;

b) Enjoining NCAC from continuing its violative behavior, pursuant to TEX. BUS. & COM. CODE § 305.053(a)(1);

c) Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to TEX. BUS. & COM. CODE § 305.053(b);

d) Awarding Plaintiff treble damages, pursuant to TEX. BUS. & COM. CODE § 305.053(c), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XVI
### VIOLATION OF TEX. BUS. & COM. CODE § 305.053
### DEFENDANT PECK

92.    Plaintiffs repeat and re-allege each and every allegation above.

93.     Plaintiffs received communications originated by Defendants that violated 47 U.S.C. § 227.

94.     Peck is personally liable for NCAC's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of NCAC's debt collection business, his responsibility for day-to-day supervision of NCAC's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of NCAC's debt collection business.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Peck violated TEX. BUS. & COM. CODE § 305.053;

b)  Enjoining Peck from continuing its violative behavior, pursuant to TEX. BUS. & COM. CODE § 305.053(a)(1);

c)  Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to TEX. BUS. & COM. CODE § 305.053(b);

d)  Awarding Plaintiff treble damages, pursuant to TEX. BUS. & COM. CODE § 305.053(c), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

95.     Plaintiffs are entitled to and hereby demand a trial by jury.


Respectfully submitted,

/s/Martha Beard-Duncan
Martha Beard-Duncan
Texas Bar No. 24053094
WEISBERG AND MEYERS, LLC
Two Allen Center
200 Smith Street, Sixteenth Floor
Houston, TX 77002
Telephone: (888) 595-9111 ext. 350
Facsimile: (866) 565-1327
Mbeard-duncan@attorneysforconsumers.com


Kirk Claunch
Texas Bar No. 04326075
Jim Claunch
Texas Bar No. 04326000
2912 West Sixth Street
Fort Worth, Texas 76107
Telephone:   (817) 335-4003
Facsimile:    (817) 335-7112

*Attorneys for Plaintiffs*
ADAM AND MEGAN MCELROY